UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Oscar Tordoya
and other similarly
situated individuals,

    Plaintiff(s),

v.

Aroma Del Peru Of Coral Gables, Corp.
a/k/a Aromas del Peru,
Maria I. Astete, and Carlos Vidal,
individually,

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Oscar Tordoya and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Aroma Del Peru Of Coral Gables, Corp a/k/a Aromas del Peru, Maria I. Astete, and Carlos Vidal, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Oscar Tordoya is a Dade County, Florida, resident within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Aroma Del Peru Of Coral Gables, Corp., a/k/a Aromas del Peru (from now on Aromas del Peru, or Defendant) is a Florida Profit Corporation Company doing business in Dade County within this Honorable Court Jurisdiction. Defendant Aromas del Peru was the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants, Maria I. Astete and Carlos Vidal, are the owners/partners and managers of Aromas del Peru. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions put forward in this complaint took place in Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. Plaintiff Oscar Tordoya brings this cause of action as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2024, (the "material time") without being adequately compensated.

7. Defendant Aromas del Peru is a Peruvian restaurant located at 1930-34 Ponce de Leon, Coral Gables, FL 33134, where Plaintiff worked.

8. Defendant Aromas del Peru was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a Peruvian restaurant. Defendant had more than two employees recurrently engaged in commerce or the production

of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a cook and performed general restaurant work. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

10. Defendants Aromas del Peru, Maria I. Astete, and Carlos Vidal employed Plaintiff Oscar Tordoya as a non-exempt, full-time restaurant employee from approximately January 10, 2017, to September 24, 2024, or more than seven years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

11. During the relevant period, Plaintiff worked primarily as a cook. In addition to cooking, he was responsible for various other general restaurant tasks, including food preparation, cleaning, restocking supplies, and managing inventory.

12. Plaintiff had a daily wage rate of $370.00.

13. Plaintiff worked under the supervision of Manager Carlos Vidal and Maria I. Astete.

14. While employed by Defendants, Plaintiff worked weeks of six and five days per week.

15. For 145 weeks, Plaintiff worked six days per week, from Tuesday to Sunday, an average of 62 hours per week. Plaintiff has already deducted six hours of unpaid lunchtime (1 hour per day over six days) from the total weekly hours worked.

16. Plaintiff consistently worked six days per week, exceeding 62 hours, but was not compensated for overtime as required by law. Despite the extended hours, the plaintiff received a fixed daily rate, regardless of the total hours worked each week.

17. During the final eight weeks of employment, the plaintiff worked an average of 52 hours per week across five days. The plaintiff has already accounted for and deducted five hours of unpaid lunch breaks (1 hour per day over five days) from the total weekly hours worked.

18. Thus, during his entire employment period, Plaintiff was not paid overtime hours, as required by law.

19. Plaintiff clocked in and out, and Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

20. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiff was paid by direct deposits with paystubs that did not provide accurate information about the wage rate, the number of days and hours worked, etc.

22. On or about August 21, 2024, Plaintiff was fired using pretextual reasons.

23. At times mentioned, individual Defendants Maria I. Astete and Carlos Vidal were and are now, the owners/partners/and operators of Aromas del Peru. Defendants Maria I. Astete and Carlos Vidal were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Aromas del Peru's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Maria I. Astete and Carlos Vidal had financial and operational control of the business, determining Plaintiff's terms and conditions

of employment. Accordingly, Defendants Maria I. Astete and Carlos are jointly and severally liable for Plaintiff's damages.

24. Plaintiff Oscar Tordoya seeks to recover unpaid half-time overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

25. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

27. This action is intended to include every cook, restaurant employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

28. Plaintiff Oscar Tordoya re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. This action is brought by Plaintiff Oscar Tordoya and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless

such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

30. Defendants Aromas del Peru, Maria I. Astete, and Carlos Vidal employed Plaintiff Oscar Tordoya as a non-exempt, full-time restaurant employee from approximately January 10, 2017, to September 24, 2024, or more than seven years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

31. During the relevant period, Plaintiff worked primarily as a cook. Plaintiff had a daily wage rate of $370.00.

32. Plaintiff worked under the supervision of Manager Carlos Vidal and Maria I. Astete.

33. While employed by Defendants, Plaintiff worked weeks of six and five days per week.

34. For 145 weeks, Plaintiff worked six days per week, a total of 62 hours. Plaintiff has already deducted six hours of unpaid lunchtime (1 hour per day over six days) from the total weekly hours worked.

35. Plaintiff consistently worked six days per week, exceeding 62 hours, but was not compensated for overtime as required by law. Despite the extended hours, the plaintiff received a fixed daily rate, regardless of the total hours worked each week.

36. During the final eight weeks of employment, the plaintiff worked an average of 52 hours per week across five days. Plaintiff has already accounted for and deducted five hours of unpaid lunch breaks (1 hour per day over five days) from the total weekly hours worked.

37. Thus, Plaintiff was not paid overtime hours during his entire employment period, as required by law.

38. Plaintiff clocked in and out, and Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

39. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. Plaintiff was paid by direct deposits with paystubs that did not provide accurate information about the wage rate, the number of days and hours worked, etc.

41. On or about August 21, 2024, Plaintiff was fired using pretextual reasons.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

45. Plaintiff does not possess time and payment records, but he will provide a reasonable good faith estimate based on his recollections and knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Fifty-Eight Thousand Two Hundred Ninety-Seven Dollars and 48/100 ($58,297.48)

b. <u>Calculation of such wages</u>:

Total period of employment: more than 7 years
Relevant weeks of employment: 153 weeks
Total hours worked weekly: 62 and 52 hours
Total unpaid O/T hours: 22 and 12 O/T hours

Daily rate: $370.00

**1.- Unpaid half-time O/T for 145 weeks with six days of work**

Relevant weeks of employment: 145 weeks
        Total days worked: 6 days
        Total hours worked: 62 hours
Total unpaid O/T hours: 22 hours
Daily rate: $370.00 x 6 days=$2,220.00: 62 hours worked=$35.48
Regular rate: $35.48 x 1.5=$53.22 O/T rate-$35.48 O/T rate paid=$17.74
Half-time: $17.74

$17.74 x 22 O/T hours=$390.28 weekly x 145 weeks=$56,590.60

**2.- Unpaid half-time O/T for 8 weeks with five days of work**

Relevant weeks of employment: 8 weeks
        Total days worked: 5 days
        Total hours worked weekly: 52 hours
        Total unpaid O/T hours: 12 hours
Daily rate: $370.00 x 5 days=$1,850.00: 52 hours worked=$35.57
Regular rate: $35.57 x 1.5=$53.35 O/T rate-$35.57 O/T rate paid=$17.78
Half-time: $17.78

$17.78 x 12 O/T hours=$213.36 weekly x 8 weeks=$1,706.88

Total #1 and #2: $58,297.48

c.   <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.[1]

46. The Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and those similarly situated are entitled to recover double damages.

48. Defendants Aromas del Peru, Maria I. Astete, and Carlos Vidal willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the United States law, and have owed Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

49. Plaintiff Oscar Tordoya has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Oscar Tordoya and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Oscar Tordoya and other similarly situated individuals and against Defendants Aromas del Peru, Maria I. Astete, and Carlos Vidal based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Oscar Tordoya actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable, just, and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Oscar Tordoya demands a trial by a jury of all issues triable as of right by a jury.

Date: October 24, 2024

                                                Respectfully submitted,

                                                By: <u>/s/ **Zandro E. Palma**</u>
                                                ZANDRO E. PALMA, P.A.
                                                Florida Bar No.: 0024031
                                                9100 S. Dadeland Blvd.
                                                Suite 1500
                                                Miami, FL 33156
                                                Telephone: (305) 446-1500
                                                Facsimile:  (305) 446-1502
                                                zep@thepalmalawgroup.com
                                                *Attorney for Plaintiff*